SCHOTT, Justice ad hoc.[1]
Defendant was convicted of armed robbery of Majesti’s Drug Store at 4 PM on February 16, 1980, and sentenced to 15 years imprisonment. He pleaded guilty, reserving his right to appeal from a denial of his motion to suppress evidence. The issue is whether the evidence was properly admitted against defendant under one or more recognized exceptions to the general rule that evidence obtained in a warrantless search is inadmissible.
At about 5 PM police were summoned to Greg Laffauillere’s home on a complaint that a firearm had been discharged. On arriving there they saw an individual on the front porch and a kicked in front door. After Laffauillere invited them in one of the officers went in while the other interrogated the individual on the porch. The officer who went inside was told by Laf-fauillere that there was a weapon under a pillow on the sofa, but the officer found that this weapon had not been fired. About that time someone knocked at the back door. Laffauillere said that it was his dog, but the officer could see the silhouette of a man at the door and accompanied Laffauillere through the second room (bedroom) to the kitchen to open the door. The officer noticed on the kitchen table a bag with Majesti’s Drug Store printed thereon. It turned out that defendant was at the back door and as the officer was returning to the front of the house with defendant he heard Laffauillere ruffling the bag behind him. He turned to find him throwing the bag on the bed, whereupon a number of pills spilled out. This evidence was crucial to defendant’s conviction of the robbery of Majesti’s Drug Store.
Laffauillere testified that he had invited the officers in for a limited purpose and insisted that they leave right after they recovered the weapon from under the pillow on the sofa. The officer testified otherwise, i.e., that Laffauillere’s invitation to his home was unlimited and was never retracted. The officer further testified that he was in fear of his own, as well as Laf-fauillere’s safety, when, knowing a weapon had been fired and the one on the sofa was not the weapon, someone began knocking at the back door. It was quite reasonable for him to accompany Laffauillere to the back door under the circumstances.
Defendant’s four assignments of error can best be summed up in his contention that the evidence should have been suppressed because the search leading to the discovery of the bag was without Laffauil-lere’s consent, that the encounter between the police and Laffauillere was concocted by them in order to carry out an unlawful search, and that the officers, even if given limited permission to enter the premises, went beyond the scope of that permission.
These specifications have no merit. In the first place, they depend in large measure on the testimony of Laffauillere which *1204 the trial court rejected. Accepting the officer’s testimony as true, the evidence was properly admitted under the plain view doctrine especially considering the exigencies of the circumstances in which the officer found himself after being invited into the premises by Laffauillere. State v. Gibson, 391 So.2d 421 (La.1980); State v. Sanders, 374 So.2d 1186 (La.1979).
The motion to suppress was properly denied and the conviction and sentence are affirmed.

. Judges Schott, Chehardy and Barry of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Justices Calogero, Dennis, Watson, and Lemmon.